# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| DR. JOEL C. NKEMAKOLAM, § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. |
| § | 5:18-cv-01283 |
| VS. § | |
| § | |
| NORTHSIDE INDEPENDENT § | |
| SCHOOL DISTRICT, § | |
| § | |
| Defendant. § | |

## COMPLAINT

Plaintiff Dr. Joel C. Nkemakolam by his attorneys Gaul and Dumont complaining of Defendant Northside Independent School District alleges:

### JURISDICTION AND VENUE

(1) This action is brought to remedy retaliation for previous protected activity under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*.

(2) Injunctive and declaratory relief, damages, and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e-5(f) and (g), and 42 U.S.C. §1981a.

(3) Plaintiff, a resident of the State of Texas, filed on January 29, 2015, a complaint of retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC") complaining of the acts of retaliation alleged herein.

(4) The EEOC issued a favorable Determination for Plaintiff on September 28, 2017, and Notice of Conciliation Failure on May 18, 2018. The United States Department of Justice issued a Notice of Right to Sue Within 90 Days on September 18, 2018.

(5) Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under

Title VII. Jurisdiction of the Court is proper under §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3).

(6)     As the unlawful employment practices complained of herein occurred within the Western District of Texas, venue is proper in this District pursuant to §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §1391(b).

## PARTIES

(7)     Plaintiff was employed by Defendant beginning August 2007, and served as a special education inclusion teacher in social studies for two years, a collaborative teacher in social studies for three years, and an inclusion teacher for math for one year. Beginning August 2013, Plaintiff was assigned for the first time as a special education teacher in a work center. Plaintiff was employed by Defendant until his constructive discharge on January 8, 2015.

(8)     Defendant is an employer as defined by Title VII.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

(9)     Plaintiff was notified on February 26, 2014, that his employment contract would not be renewed after the 2014-2015 school year, which ended June 5, 2015.

(10)    Plaintiff filed an initial Charge of Discrimination against Defendant with the EEOC on April 21, 2014, which he amended on October 6, 2014. Plaintiff asserted Defendant retaliated and discriminated against Plaintiff and created a hostile work environment for Plaintiff.

(11)    On January 5, 2015, Defendant placed Plaintiff on paid administrative leave pending discharge. Plaintiff was given an ultimatum to sign Defendant's Resignation and Release Agreement or be discharged.

(12)    In exchange for signing the release, Defendant offered to pay Plaintiff through March 6, 2015. Plaintiff submitted a counter-proposal to be paid through the end of his contract, June 5, 2015, which Defendant rejected. On January 6, 2015, Defendant advised it would submit agenda

language by January 9, 2015, for Defendant's January Board Meeting, in order to propose Plaintiff's mid-contract termination, unless Plaintiff chose to resign by that date.

(13) The release Plaintiff was required to sign specifically states: Employee also hereby withdraws his EEOC Charge No. 451-2014-01687 filed on April 21, 2014 and amended on October 6, 2014. Employee further agrees not to file any further EEOC Charges against the District as they relate to any current or former employees of the District and the events which have occurred prior to the effective date of this Agreement.

(14) Plaintiff refused to sign the unlawful release because the terms are retaliatory and was forced to resign on January 8, 2015, to avoid being publicly terminated at the January Board Meeting.

(15) Plaintiff filed another Charge of Discrimination on January 29, 2015, as a result of being placed on administrative leave on January 5, 2015, and being forced to resign on January 8, 2015, to avoid termination.

(16) The EEOC investigated the Charge of Discrimination and issued a favorable Determination for Plaintiff, on September 28, 2017.

(17) The EEOC found that Defendant's agreement contains language which violates Title VII, in that it prohibits Plaintiff, an individual who has participated in protected activity, from applying for future employment with Defendant.

(18) The EEOC also found Defendant's agreement violates Title VII by including language which prohibits Plaintiff from filing any future EEOC charges against Defendant.

(19) The EEOC also found Defendant's agreement violates Title VII in that it contains language which further seeks to deny access to the legal system by prohibiting Plaintiff from aiding, participating, or cooperating in any complaint against Defendant, and indemnifies Defendant from

all legal claims, expenses, judgments, and attorneys fees.

(20) The EEOC found Plaintiff was constructively discharged from his position due to his protected activity in violation of Title VII in that his employment contract was scheduled to conclude at the end of the school year; yet, he was threatened with mid-term termination of employment unless he signed an unlawful agreement which, if signed, would cease both his employment with Defendant and his access to the legal system.

(21) The EEOC also found that Defendant retaliated against a class of employees, or former employees, in violation of Title VII, in that it presented this class of individuals with Release and Settlement Agreements which attempted to prevent and deter them from filing administrative complaints alleging discrimination in violation of anti-discrimination laws enforced by the EEOC, and from fully pursuing and exercising their rights and/or seeking statutory protections through the investigative and law enforcement authority of the EEOC and through judicial authority of the courts.

## FIRST CAUSE OF ACTION

(22) Defendant has retaliated against Plaintiff in the terms and conditions of his employment in violation of Title VII. Defendant has constructively discharged Plaintiff in violation of Title VII.

(23) Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

## PRAYER FOR RELIEF

(24) WHEREFORE, Plaintiff respectfully requests this Court enter a judgment:

(a) Declaring the acts and practices complained of herein are in violation of Title VII;

(b) Enjoining and permanently restraining these violations of Title VII;

(c) Directing Defendant to take such affirmative action as is necessary to ensure the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

(d) Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's retaliatory treatment of him, and make him whole for all earnings he would have received but for Defendant's retaliatory treatment, including, but not limited to, wages, pension, and other lost benefits;

(e) Awarding Plaintiff compensatory damages;

(f) Awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by §706(k) of Title VII, 42 U.S.C. §2000e-5(k); and

(g) Granting such other and further relief as this Court deems necessary and proper.

**DEMAND FOR A TRIAL BY JURY**

(25) Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

LAW OFFICES OF
GAUL AND DUMONT
315 East Euclid Avenue
San Antonio, Texas 78212
(210) 225-0685
(210) 595-8340 - Fax

By: *s/Malinda A. Gaul*
MALINDA A. GAUL
State Bar #08239800
Attorney for Plaintiff